```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

|                              |   |                        |
|------------------------------|---|------------------------|
| UNITED STATES OF AMERICA,    | : | NO. 1:07-CR-00058(2)   |
|                              | : |                        |
|                              | : | **OPINION AND ORDER**  |
| v.                           | : |                        |
|                              | : |                        |
| ANTHONY MCCORMICK.           | : |                        |
|                              | : |                        |

This matter is before the Court on several motions filed by Defendant Anthony McCormick on July 5, 2007. Defendant filed a Motion for Disclosure of Impeaching Information (doc. 39), Motion for Exculpatory Evidence (doc. 40), Motion to Preserve Evidence (doc. 42), and Motion for Leave to File Further Motions (doc. 43). The government filed Responses in Opposition to documents 39, 40, and 42 (docs. 44, 45). For the reasons stated herein, the Court GRANTS Defendant's Motion for Leave to File Further Motions (doc. 43), and DENIES the remainder of Defendant's Motions (docs. 39, 40, 42).

**I. Discussion**

**A. Defendant's Motions for Impeaching Information and Exculpatory Evidence (docs. 39, 40).**

In Defendant's first two motions, he moves the Court to order the government to disclose any impeaching information or exculpatory evidence (docs. 39, 40). Defendant contends that he is

entitled to an itemized list of impeaching information and exculpatory evidence under the Supreme Court holding in Brady v. Maryland, 373 U.S. 83 (1963) (doc. 39). Defendant argues that pre-trial disclosure is proper to enable effective preparation for trial (Id., citing United States v. Polisi, 416 F.2d 573, 578 (2d Cir. 1969); United States v. Baxter ,492 F.2d 150, 173-74 (9th Cir. 1973), cert denied, 416 U.S. 940 (1974)).

As the government asserts, the Sixth Circuit Court of Appeals held in United States v. Presser, 844 F.2d 1275 (6th Cir. 1988) that the government does not have to disclose Brady or Jenck's Act material prior to trial. Therefore, the Court denies these motions as premature.

**B. Defendant's Motion to Preserve Evidence**

In Defendant's next motion, he moves the Court for an order directing the government to preserve certain tangible evidence and to notify Defendant of the prospective absence or unavailability of any witnesses (doc. 42). The government represents to the Court that it has no intention of destroying evidence, nor does it anticipate that any prospective witness will be deported. Taking the government at its word, the Court finds it unnecessary to grant Defendant's motion.

**C. Defendant's Motion for Leave to File Further Motions**

Defendant's final motion requests the Court issue an order granting him leave to file further motions (doc. 43). The

government does not oppose this motion.  The Court grants this motion ONLY as to motions <u>in</u> <u>limine</u>.

**II. Conclusion**

For the foregoing reasons, the Court GRANTS Defendant's Motion for Leave to File Further Motions ONLY as to motions <u>in</u> <u>limine</u> (doc. 43), and DENIES the remainder of Defendant's Motions (docs. 39, 40, 42).

SO ORDERED.

Dated: August 1, 2007         <u>/s/ S. Arthur Spiegel            </u>
                              S. Arthur Spiegel
                              United States Senior District Judge